MARIA DE JESUS BERNAL, AND HER HUSBAND JUAN T. PEREZ v. PHILIP GLEIM, JOHN DOE, AND RICHARD ROE.

MORTGAGE OF PROPERTY BY HUSBAND.—Where real property is owned by the husband as his separate property, or by the husband and wife as their common property, a conveyance or mortgage thereof by the husband alone is valid.

TITLE ARISING BY PRESUMPTION.—The possession of real property raises the presumption of title in the possessor. The possession of property, occupied by both husband and wife, which is either their common property or the separate property of the husband, is deemed in law to be the possession of the husband.

VALIDITY OF SHERIFF'S DEED.—A Sheriff's deed, which was executed before the

expiration of the six months, allowed for redemption, after sale on execution or order of sale on judgment of foreclosure, is void for want of power to execute it at that time.  (*Gross* v. *Fowler*, 21 Cal. 392, is cited as authority.)

COLOR OF TITLE.—Color of title is that which in appearance is title, but which in reality is no title.  It is that which the law will consider *prima facie* a good title, but which, by reason of some defect, not appearing on its face, does not in fact amount to title.  An absolute nullity, as a void deed or judgment, will not constitute color of title.

PRESUMPTION OF FINDINGS OF FACT.—In this Court, the presumption of the finding of facts by the Court below will not extend to a fact not within the issue.

APPEAL from the District Court, Third Judicial District, Santa Clara County.

This was an action of ejectment to recover a tract of land in Santa Clara County.  The plaintiffs count on both title and prior possession.  The questions considered by this Court arise upon the possession of the plaintiffs and their predecessors of the demanded premises.  The averments of the complaint, wherein plaintiffs count on possession, are as follows, to wit :

" And for another and separate cause of action against said defendants, plaintiffs aver that heretofore, to wit: on the 17th day of April, A. D. 1852, said plaintiff, Maria de Jesus Bernal, was in the exclusive and peaceable possession, and from thence hitherto, and yet is entitled to the exclusive peaceable possession of that certain piece or parcel of land, situate in the County of Santa Clara, in the State of California, and known, bounded and described as follows, to wit:   *   *   *   That said defendants afterwards, and on said 17th day of April, A. D. 1852, unlawfully and wrongfully entered into and upon said premises, and wrongfully and unlawfully ousted and ejected the plaintiff. Maria from the possession of the whole thereof; and said defendants from the said 17th day of April, A. D. 1852, have hitherto continuously, and yet do unlawfully and wrongfully detain and withhold from the said plaintiffs the possession of the whole of said premises."

The answer of defendant Gleim puts in issue all the facts alleged in complaint, and sets up a further defence, to wit:

"He denies that he ever entered into or upon said premises sued for, or any part thereof, before or until the said first day of June, 1863, when for the first time he entered thereon rightfully, and has ever since held the same rightfully and as the owner thereof. Further answering, and for another defence to this action, this defendant says plaintiffs should not recover in this action, because the causes of action, and each of them, stated in said complaint, did not accrue within five years before the commencement of this action; and said plaintiff Maria de Jesus Bernal was not a married woman, but a *feme sole* from the month of August, 1845, until the month of June, 1862. Further answering, defendant says plaintiffs should not recover against him in this action, because the plaintiffs, nor either of them, were or was seized or possessed of the premises sued for, or any part thereof, within five years before the commencement of this action, or at any time whatever; but defendant and those under whom he claims, and whose title he holds, had been in the peaceable, exclusive and adverse possession of the premises sued for, and every part thereof, for more than five years, to wit: for fourteen years before the commencement of this action; during all of which time said plaintiff Maria de Jesus Bernal was a *feme sole*, except since the month of June, A. D. 1862; and said plaintiffs do not now, nor does either of them, claim said estate sued for, or the possession thereof, under any title. derived from the Spanish or Mexican Governments, or the authorities thereof, which has been finally confirmed by the Government of the United States or the authorities thereof, within five years before the commencement of this action, or under any claim derived from the Spanish or Mexican Governments or the authorities thereof, which was ever presented to the Commissioners appointed for the purpose of ascertaining and settling private

land claims in the State of California, under and by virtue of the Act of Congress for that purpose."

The cause was tried before the Court without a jury. The finding of facts made by the District Court, so far as necessary to an understanding of the points decided on this appeal, are stated in the opinion of the Court. The defendant had judgment, and plaintiffs appealed, and for error assigned that the District Court erred in refusing to render judgment for plaintiffs, awarding them the possession of the demanded premises as prayed for, upon the facts as found by said Court.

*Francis E. Spencer*, for Appellants.

Plaintiffs are entitled to recover on prior possession, even though it is founded on the possession of Bellamy. The family were forcibly ejected in October, 1854, after having been in possession six or eight years, and were kept out of possession till the institution of this action; during which time the Statute of Limitations had not commenced to run, the plaintiff being a *feme covert* till 1862, and the children, minors till 1864. (*Hicks* v. *Coleman*, 25 Cal. 141; *Norris* v. *Russell*, 5 Cal. 250; *Keane* v. *Cannovan*, 21 Cal. 305.)

The Sheriff's deeds to Redman were prematurely made. No time for redemption was given. (Practice Act, 1851, Secs. 229, 232; *Harlam* v. *Smith*, 6 Cal. 173; *Duprey* v. *Moran*, 4 Cal. 196.) They were void. (*Gross* v. *Fowler*, 21 Cal. 396.) And a failure to redeem within the time cannot make them valid. (*Gorham* v. *Wing*, 10 Michigan, 486.) Although the findings are silent as to their form, the Court will presume that the judgment and its date were set forth; for if not done the deed is void. (*Wiseman* v. *McNulty*, 25 Cal. 230.) And if not set forth, then they were void upon their face, and put the grantee on notice that the Sheriff was exceeding his authority, and could give no title or right of possession. They did not constitute color of title. They gave no apparent right of possession. (*Walker* v. *Turner*, 9

Wheat. 541; *Moore* v. *Brown*, 11 How. 414; *Wallingford* v. *Fisk*, 24 Maine, 386; *Dobson* v. *Murphy*, 1 Dev. & Batt. 586.) If the Sheriff's deeds be construed to give color of title, they could not affect the rights of the parties. The legal estate exists in the judgment debtor, after expiration of the time to redeem, until execution of the conveyance; that is, valid conveyance to the purchaser. (*McMillan* v. *Richards*, 9 Cal. 365; *Anthony* v. *Vessel*, 9 Cal. 103.) And the statute contemplates that the possession shall not change to the purchaser till the expiration of the time limited for redemption. (*Guy* v. *Middleton*, 5 Cal. 392.) That is, until a valid deed is executed and delivered. Color of title will not avail the defendant as a defence against plaintiffs' prior possession. (*Norris* v. *Russell*, 5 Cal. 250; *Keane* v. *Cannovan*, 21 Cal. 305; *Hicks* v. *Coleman*, 25 Cal. 141.)

*L. Archer*, for Respondent.

Appellants rely upon prior possession as a ground for recovery in this action. We remark in behalf of respondent on this point:

First—Plaintiffs never were in possession, but G. W. Bellamy had the possession, and it was he who was dispossessed by Under-Sheriff Bodley. His (Bellamy's) family were a mere appendage to him, and subject to his fate in relation to the property. (*Skinner* v. *Beaty*, 16 Cal. 157.)

Second—It will be presumed that the Under-Sheriff acted under process in dispossessing the Bellamy family. He was then acting Under-Sheriff of the county, and will not be presumed to have been a trespasser. The findings are not inconsistent with this hypothesis, which accords with the *real* facts of the case, as will be seen by reference to *Redmond* v. *Bellamy*, 4 Cal. 249. If we are right in this, then the force of prior possession is broken—the possession being legally ended. And if Redman was put in possession under a judgment, or an order of a Court of competent jurisdiction, however erroneous, and although afterwards reversed,

his possession was sufficient " to break the force of the claim derived from the mere fact of prior possession." (*Gregory* v. *Haynes*, 13 Cal. 595.) Possession being presumptive evidence of ownership, wherever the possession terminates legally of course the presumption falls.

Third—But it may be said that the Court below does not find that the Under-Sheriff was executing process. The Court does find, however, that they (the family) were removed from " the possession " by Bodley, " were dispossessed," in October, 1854. Redman afterwards entered under his Sheriff's deeds, under color of title; not on the possession of Bellamy, or the family; for it had terminated. There was no possession by any of them at that time. (See *Gregory* v. *Haynes*, 13 Cal. 595.) These facts, it is submitted, distinguish this case from those cited by appellants. When the entry is made on the adverse possession of another, the rule of these cases applies, otherwise not.

Fourth—Bellamy was dispossessed in 1854; Redman entered under his Sheriff's deeds in that year, and remained in possession until 1860; and respondent, in 1866, was in possession under mesne conveyance from Redman. The ouster was of G. W. Bellamy. The Statute of Limitations *then* commenced running; G. W. Bellamy died many years afterwards. The claim had been abandoned and barred before 1860, when defendant Gleim entered.

Fifth—It is claimed that the fact of the conveyance from G. W. Bellamy to the children, who afterwards conveyed to plaintiff Maria, relieves this case from the operation of the statute. But there never was any delivery of possession to them; the conveyance to them was after the mortgage, judgments, and deeds, under which Redman held, and subject to them. Bellamy being in debt, could not convey to them.

Sixth—The deeds, in connection with the judgments, were more than colorable title. They were, by the judgment of this Court, and by the settled law at that time, good and

85

valid. (See *Redman* v. *Bellamy*, 4 Cal. 247 ; *Thorne* v. *San Francisco*, 4 Cal. 127.)

By the Court, Rhodes, J. :

Some time between the years 1846 and 1849 George W. Bellamy and his wife entered upon and inclosed the land in controversy, and otherwise subjected it to their will and control. On the 27th of October, 1851, Bellamy mortgaged the land to Reid and Davis; and on the 15th of December, 1852, Bellamy and his wife united in a conveyance of the land to their children, who were then minors, but the deed was not acknowledged by the wife, as required by the Act of the 17th of April, 1850, in order to pass her separate estate. Between the 25th of October, 1851, and the 5th of October, 1852, two judgments were entered against Bellamy, the one in favor of one W. C. Jones, for a certain sum of money, and the other in favor of Reid and Davis, for the foreclosure of their mortgage ; and an execution having been issued on the first judgment and an order of sale on the other, the Sheriff, by virtue thereof, sold the premises to J. W. Redman on the 5th day of March, 1852, and on that day executed and delivered to him the Sheriff's deeds for the premises. The seventh finding is that " The family *i. e.* the plaintiff, Maria, her said husband (George W. Bellamy) and their children, continued in possession until October, 1854, when they were removed from the possession by one Thomas Bodley, who was then acting Under-Sheriff of Santa Clara County."

Redman entered into possession in October, 1854, after Bellamy and wife and their children were dispossessed, and remained in possession until the year 1860, and at the commencement of this action the defendants were in possession under mesne conveyances from Redman. The children of Bellamy remained minors until 1864, and in 1865 they reconveyed the premises to the plaintiff Maria, their mother.

The case may be disposed of without investigating the

questions touching the grant made by the Prefect.    The discussion will be limited to matters having a relation to the prior possession of Bellamy and wife, or, more accurately speaking, the title arising by presumption of law from the fact of possession.   We agree with the Court below, that the premises were either the separate property of Bellamy, or the common property of him and his wife, and that it is unnecessary to determine to which class it belonged.   He, therefore, was competent to convey or mortgage the premises, without the aid of his wife.

The present right of possession depends on this title, and the question is, which party holds the title.   The conveyance of Bellamy to his children, in December, 1852, transferred the title to them, unless it passed to Redman under the Sheriff's deeds, executed in March of the same year. The Court held the Sheriff's deeds void, and the ground doubtless was that they were executed immediately after the sale, without waiting the expiration of the time given by law for redemption.    This ground is unquestionably sufficient to sustain the ruling.   "The real question," says Mr. Chief Justice Field, in *Gross* v. *Fowler*, 21 Cal. 392, "is one of power.   Had the Sheriff authority to execute the deed at the time ?   And to this there can be but one answer.   His power did not arise until the six months had elapsed."   This leaves the title and consequent right to possession in the plaintiff, Maria.

The Court below held that "as Redman, the grantor of the defendants, entered into possession under them (the Sheriff's deeds), he and the defendants entered, and the defendants are in possession, under color of title, and the mere prior possession of the said plaintiff, as the wife of the said George W. Bellamy, cannot prevail against the possession of the defendants, taken under claim and color of title derived from said Bellamy."   We do not understand that the plaintiff claims and certainly she cannot rely on, prior possession in herself.   The possession of premises occupied by both husband and wife, which are either their

common property or the separate property of the husband, is deemed in law to be the possession of the husband.

The Sheriff's deeds do not amount to color of title. "Color of title" is defined in *Wright* v. *Mattison*, 18 How. 56, "to be that which in appearance is title but which in reality is no title." It is that which the law will consider. *prima facie* a good title, but which, by reason of some defect, not appearing on its face, does not in fact amount to title. An absolute nullity, as a void deed, judgment, etc., will not constitute color of title. (*Jackson* v. *Woodruff*, 1 Cow. 276; *Jackson* v. *Frost*, 5 Cow. 346; *La Froinbois* v. *Jackson*, 8 Cow. 583; *Jackson* v. *Waters*, 12 John. 365; *Livingston* v. *Peru Iron Company*, 9 Wend. 511.) Redman not having entered under color of title, we need not inquire what would have been the effect of the entry had it been made in that manner.

It is insisted that as Bellamy and his family were dispossessed by the Under-Sheriff in 1854, it will be presumed that he acted under legal process, and it is claimed, that by that act, the force of the prior possession was broken. A writ of assistance would not cure or help a void deed. A process in another action against the present plaintiff is suggested. The reply is, a former recovery was not pleaded, and therefore was not in issue. The Court under the authority of *Lyons* v. *Leimback*, 29 Cal. 139, and other cases, in which the statute of 1861, respecting defective findings, is considered, is not authorized to presume the finding of a fact not within the issues.

We could not indulge in the presumption for another reason. It is found that Redman entered under the Sheriff's deeds, and he will not be presumed to have entered in any other manner or under another title.

Judgment reversed and cause remanded, with directions to enter judgment for the plaintiffs for the possession of the premises.