## CAIN *v.* HUNT ET AL.

PLEADING. — *Demurrer.* — A demurrer to several paragraphs of a pleading, mentioned by number, is a several demurrer to each paragraph.

SAME. — *Evidence.* — It is not error to sustain a demurrer to an answer which sets up material matter admissible as evidence under a general denial pleaded.

SAME. — To support title to land, deeds misdescribing the land and extrinsic evidence to prove such misdescription to have been made by mistake, are inadmissble, when the ground therefor has not been laid in pleading by allegation of the mistake and prayer for reformation of the instrument.

INSTRUCTIONS. — It is error for the court to instruct the jury, as a matter of law as to what the evidence given proves.

PRACTICE. — *Color of Title.* — *Occupying Claimant.* — In an action under the law in regard to occupying claimants, in the absence of a general vardict, it is an essential fact for the jury to find whether the claimant had color of title.

SAME. — *Parties.* — Where land is claimed by several persons, each of whom has put improvements on his own part thereof; *query*, whether all such persons can unite in a proceeding under the law in regard to occupying claimants.

APPEAL from the Elkhart Circuit Court.

DOWNEY, J.—This was a proceeding under the occupying claimant law, 2 G. & H. 285, by the appellees, William Hunt, Henry Rousch, Magdalena Ritter, and David H. Ritter, against the appellant. The complaint alleges that the appellant in this case filed her complaint in the Elkhart Circuit Court against the appellees in this case on the 19th day of November, 1868, for the recovery of the possession of lots numbered ninety-eight and ninety-nine, in Beardsley's first addition to the town of Elkhart; the recovery by her of judgment for the possession of said lots; that on the 9th day of September, 1864, the plaintiffs in this action purchased said lots from

Myron E. Cole, who took possession of them in good faith, and conveyed the same to them for a valuable consideration; that the title so taken and received by them was derived through certain mesne conveyances duly recorded in, etc., as follows: A tax deed from E. W. H. Ellis, auditor, etc., to Michael F. Shuey, dated on, etc.; a deed from said Shuey and wife, to Myron E. Cole, dated on, etc.; and a deed from Cole and wife to Rousch, one of the appellees, dated on, etc.; all of which deeds were duly recorded, and under which the plaintiffs derive their title; that in pursuance of said purchases and conveyance from the said Cole, these plaintiffs took possession of the lots aforesaid, and made lasting and valuable improvements thereon, which improvements were made and possession taken under said conveyance in good faith, without any notice whatever of the title or interest of the plaintiff in the other action, and without any knowledge of any adverse title to said lots; and they state that they are now in the possession of lot number ninety-eight and three and one-half rods off the south part of lot ninety-nine. They then state the improvements which they have made on the last mentioned real estate, and that the same were made while they were in possession of said lands under the conveyance aforesaid, without any notice of the title aforesaid, stating the value of the improvements, the value of the lots without the improvements, and the annual value of the rents and profits without the improvements; wherefore, etc.

There is an apparent inconsistency in the allegations of this complaint with reference to the title of the plaintiffs to the premises in question. It is first stated that Cole conveyed to all the plaintiffs, and then, in the more particular statement of the title, it is said that Cole conveyed to Rousch, one of them. But as no question has been made by counsel as to this, we need decide nothing.

The defendant pleaded,

First. A denial of each and every allegation of the complaint, except that she was the owner of the real estate.

Second. She admitted that she was the owner of the premises mentioned in the complaint; that she recovered possession thereof as alleged; that lasting and valuable improvements have been made thereon by the plaintiffs during their occupancy thereof; but averred that the plaintiffs were not purchasers of the same in good faith; that at the time they took their title they knew that it was derived through tax sale, which was irregular, invalid, and void; that the same was made without competent authority; that the outstanding title of the defendant was valid, and paramount to the said title so derived through the said tax sale, and must and would prevail over the same whenever insisted upon and enforced; that the plaintiffs were informed at the time when they so took and received their title as aforesaid that the said paramount title of the defendant was then, and theretofore had been, owned by minors under the age of twenty-one years; that the said premises were, and theretofore had been, occupied by their tenants, placed in the possession thereof by their trustee and agent, who was by them instructed and directed to pay the taxes thereon, but who suffered the same to go to sale in default of such payment, and purchased the same in, etc.; wherefore, etc.

The third paragraph of the answer need not be set out in this opinion.

The plaintiffs demurred in this form to the second and third paragraphs of the answer: "Come now the plaintiffs in the above entitled cause of action, and file their separate demurrers to the second and third paragraphs of defendant's answer, for the following grounds of objection, to wit: first, that the said several paragraphs do not state facts sufficient to constitute a defence to plaintiffs' complaint." The demurrer was sustained as to the second, and overruled as to the third paragraph of the answer. Both parties excepted. There was a reply by general denial to the third paragraph of the answer. The issues were tried by a jury, and the jury found, in answer to interrogatories propounded to them, first, that the value of all lasting and valuable improvements

of all kinds made on the lots in question previous to the 19th day of November, 1869, by the plaintiffs, or any of them, was twenty-seven hundred dollars; second, that the damages or injuries which the premises in question had sustained by waste or cultivation to the time of rendering judgment was nothing; third, that the fair value of the rents and profits of said lots which accrued without the improvements to the time of the trial was thirty dollars; fourth, that the rents and profits of said lots had been worth, without any of the improvements placed on them by the plaintiffs, from the time the plaintiffs took possession to the time of the trial, thirty dollars; fifth, that the fair cash value of the lots without any improvements, and in the condition they were in before any improvements were placed on them, was eleven hundred dollars; sixth, that the value of the lasting improvements placed on that portion of the lots in question owned by Ritter, before the 19th day of November, 1868, was nine hundred dollars; seventh, that the amount of the costs recovered by the defendant in her suit to recover the lots in question, and chargeable against the plaintiffs, was forty-five dollars.

Thereupon the defendant moved the court to grant her a new trial, which motion was overruled, and the defendant excepted.

The defendant then moved the court in arrest of judgment, for the reason that the verdict of the jury is contrary to law, and only finds upon a portion of the issues submitted to them and required by the statute to be found, and for the reason that the jury did not find the value of the land without the improvements at that time. This motion was also overruled, and the defendant excepted by bill of exceptions.

The court then rendered judgment as follows:

"It is, therefore, considered and adjudged by the court that the plaintiffs, William Hunt and Magdalena Ritter, are entitled to the sum of two thousand six hundred and twenty-five dollars for the value of their lasting improvements placed upon the said lots described in said complaint; and it

is further considered and adjudged by the court that the said lots in said complaint mentioned are of the value of one thousand and one hundred dollars, without the improvements thereon. It is therefore ordered by the court that if the said Mary A. Cain shall pay or cause to be paid to said plaintiffs, Hunt and Ritter, within four months from the date hereof the said sum of twenty-six hundred and twenty-five dollars in lawful money, then and in that event the said Mary A. Cain shall be and become the absolute owner of all said lasting improvements on said lots, together with the lots aforesaid, being, etc., and the plaintiff shall set up no claim to the said improvements. It was further adjudged that if said Mary A. Cain fail to pay said sum within said time, then and in that case, if the plaintiffs, Hunt and Ritter, or either of them, should pay, or cause to be paid to her, said sum of eleven hundred dollars within four months after the expiration of the time limited for said Mary A. Cain to pay for said improvements, said lots and all the right, title, and interest of said Mary A. Cain thereto should vest in and become the property of said plaintiffs, or the one paying for the same. It was further ordered that if neither party made such payment within the period of eight months, they should own the lots and improvements thereon in common in the proportion that eleven hundred bears to twenty-six hundred and twenty-five. It was further ordered that the plaintiffs recover of the defendant their costs."

The first alleged error is, that the court improperly sustained the demurrer to the second paragraph of the answer, and it is insisted by counsel for the appellant that the demurrer was in form a demurrer to the second and third paragraphs jointly, and that it could not be sustained to one paragraph, and overruled to the other. The second paragraph did not, we think, set up any material matter not put in issue by the general denial of the complaint. The complaint, as it is required by statute to do, sets forth the grounds on which the plaintiffs in this proceeding sought relief, the value of the improvements on the lands, as well

as the value of the lands aside from the improvements. 2 G. & H. 285, sec. 616. The general denial put all these allegations in issue. The demurrer, we think, under former rulings of this court, may be regarded as a separate or several demurrer to each of the paragraphs. *Aiken* v. *Bruen* 21 Ind. 137, and cases cited. It having been sustained to the second paragraph, that ruling does not constitute an available error if the matter set up in it was material, the same matter being admissible under the general denial.

The next alleged error is the overruling of the motion for a new trial. Various reasons were assigned for a new trial. Passing over the first and second, which we regard as too general, the third is, that the court erroneously permitted the plaintiffs, upon the trial, to introduce evidence of the fact that the plaintiffs entered upon the premises and land of the defendant and made the improvements in question under deeds not describing the defendant's lands theretofore recovered by her from the plaintiffs in ejectment, and to introduce in evidence explanatory evidence of intention to convey the defendant's lands, notwithstanding the want of such description of the same, etc. The description of the land in the complaint in this case, it will be observed, is this: "Lots numbered ninety-eight and ninety-nine in Beardsley's first addition to the town of Elkhart." The tax deed from Ellis to Shuey designated the lots as "lots ninety-eight and ninety-nine, in the town of Elkhart." The deed from Shuey to Cole designated them as in the town of Elkhart, "as shown by the recorded plat of said town." In the deed from Cole to Rousch and Hunt the lots are described as "in the village of Elkhart, on the original plat of said town." In a deed from Hunter to Lena Ritter, given in evidence, the premises are designated as "part of lot number ninety-eight, in the village of Elkhart," etc.

These deeds were all introduced over the objection of the defendant in this action. The objection to all of them was, that they did not designate the same real estate mentioned in the complaint, and which had been recovered by the

defendant herein in the action of ejectment.  To the last
named deed the further objection was made that it was
immaterial and irrelevant.   Before offering these deeds in
evidence, the plaintiff had introduced in evidence, over the
objection of the defendant, the plat of the original town of
Elkhart, and also the plat of Beardsley's first addition to
said town.   In the original plat the lots numbered no higher
than fifty-three.   In the plat of the addition, the numbers
commenced with fifty-four and embraced ninety-eight and
ninety-nine.   Several deeds were introduced in evidence by
the plaintiffs showing that in the deeds constituting the chain
of title under which the appellant claimed title from Beards-
ley down, the lots are designated as being in the "village of
Elkhart," without mentioning any addition.   The introduc-
tion in evidence of these deeds was also objected to by the
defendant in this proceeding.

Upon this evidence the court instructed the jury, as fol-
lows:  "The deed from Cole to Rousch and Hunt, read in
evidence to you, describes lots numbers 98 and 99, in the
village of Elkhart, as the same is designated on the original
plat of said town.   The plats made by Beardsley in 1832 and
1835 have been read in evidence.   By an examination of the
first described plat, you will find no lots of the numbers of
98 and 99, but you do find lots number 98 and 99 on the
plat made by Beardsley in 1835.   This shows that the
word 'original,' in the description of the lots described in
this deed, is a false description, and may, on that account,
be by you rejected, if there is enough left in the description
,to designate the lots.   After rejecting the word original, you
may read the description of the lots described in this deed
as lots numbers 98 and 99, as the same are designated on the
plat of said town.   And if after looking over the plats offered
in evidence, you find that lots numbers 98 and 99 are found
on the plat of Beardsley, made in 1835, called by Beardsley,
by this plat, first addition to the town of Elkhart, you may
give the deed from Cole to Hunt and Rousch a reading, as
follows:  Lots numbers 98 and 99 in the village of Elkhart, as

designated on Beardsley's first addition to the town of Elkhart."

It is contended by counsel for the appellees that these rulings of the court, in the admission of evidence, and in the instruction given, are justified by the maxim, *Falsa demonstratio non nocet.* By this is to be understood an erroneous description of a person or thing in a written instrument; according to which it is held that, as soon as there is an adequate and convenient certainty of what is intended, any subsequent erroneous addition will not vitiate it. The maxim applies to statutes, as well as written instruments. The characteristic of the cases falling within the rule is, that the description, so far as it is false, applies to no subject, and so far as it is true it applies to one subject only, and the courts, in these cases, reject no words but those which are shown to have no application to any subject. Smith Com. Constitutional Construction, sec. 506.

On the other hand, it is insisted by counsel for the appellant, that the doctrine has no application to false or incorrect descriptions of the lands in sales for taxes, whether the question arise in the action to recover the lands from those claiming to hold under such sale, or in a proceeding like this to obtain the benefits of the Occupying Claimant Law. It is conceded that the doctrine is properly applied to cases arising between vendor and vendee where intention gives character to the act, and is therefore an element of inquiry.

But it is denied that it can have any application where, as in tax sales, the intention of the owner of the land can have nothing to do with the acts performed, but is wholly wanting. None of the proceedings in the course of the listing, sale, etc., of the land for taxes prior to the deed are in evidence. We do not know by what description it was listed and advertised, except as we may infer it from the deed of the auditor; as the description by which real estate is listed and advertised should be kept up in the certificate and deed, unless when less than the whole of a lot or tract is sold, we may infer that the description in the deed is the same by which it was listed, advertised, and sold.

After some consideration, we doubt whether the maxim, *Falsa demonstratio non nocet*, applies, and have concluded that we must decide this question upon grounds a little different from that discussed by counsel. None of the deeds offered in evidence by the appellees describe the lots as in the first addition of Beardsley to the town of Elkhart, but the inference, if not the clear statement in each of them is, that they are in the original town. The last deed in the chain, that from Cole to Rousch and Hunt, describes them as "in the village of Elkhart, on the original plat of said town." Now, conceding that the evidence furnished by the plats and deeds was admissible, to show that there was a mistake in this deed, we think there should have been some ground shown in the pleadings for the introduction of the evidence. As a general rule, parties cannot introduce evidence except in support of the allegations in the pleadings. Here there was no allegation of any mistake in the deeds, or of any necessity for reforming them. Conceding, as claimed by counsel for the appellant, that the description in the deed from the auditor to Shuey cannot be helped by extrinsic evidence, still the same reason may not prevent the correction of the deed from Cole to Rousch and Hunt, in which the most essential misdescription exists. We think, then, that, as the pleadings stood, the evidence admitted was improperly allowed to go to the jury. If the evidence had been properly admitted, we think the court should have left the force to be determined by the jury, and should not have charged the jury, as matter of law, what it proved.

As we must, for this reason, reverse the judgment, we need not consider the question relating to the verdict, except to say that we think the jury did not find all the essential facts put in issue. They did not find a general verdict, nor did they, in the special findings, find that the plaintiffs had any color of title to, or ownership of, the property. We need not determine whether this objection was properly presented by the motion in arrest of judgment, or whether it should have been raised by a motion for a new venire.

It may be suggested, also, whether, if the property is owned by different claimants, and each has put improvements on his own part, the parties can unite in a proceeding of this kind.

The judgment is reversed, with costs, and the cause remanded, with instructions to allow the plaintiffs to amend their complaint, if they shall desire to do so.

*A. S. Blake* and *R. M. Johnson,* for appellant.

*T. H. Baker* and *J. A. S. Mitchell,* for appellees.