[No. 9970. In Bank. — February 25, 1886.]

C. L. WILSON, APPELLANT, *v.* E. J. ATKINSON, RE-SPONDENT.

EJECTMENT — ADVERSE POSSESSION — VOID TAX DEED AS EVIDENCE OF. — The action was brought to recover the possession of land. The defendant set up the defense of an adverse possession of the demanded premises by herself and her grantor for more than five years immediately preceding the commencement of the action, and on the trial introduced in evidence in support thereof a void tax deed of the land in question executed to her grantor. There was no evidence or offer to show that either the defendant or her grantor entered under the deed, or continued to hold adverse possession thereunder. *Held,* that the deed was inadmissible to extend the limits of an·adverse possession.

ID. — ASSESSMENT DOES NOT PASS TITLE. — In such a case, the tax deed being void, the defendant cannot rely on the assessment as translative of the title.

ID. — VOID TAX DEED — ASSESSMENT — RECITAL. — A tax deed is void and conveys no title if it recites that the assessment on which it is founded was made to unknown owners, and to all owners and claimants known and unknown.

APPEAL — BILL OF EXCEPTIONS — EVIDENCE — PRESUMPTION — REVERSAL. —
The Supreme Court will presume that all the evidence tending to explain
an objection taken at the trial is inserted in a bill of exceptions; and if
from such evidence it appears that the court below erred in ruling against
the appellant as to a material matter, a reversal will be granted.

APPEAL from a judgment of the Superior Court of
Placer County, and from an order refusing a new trial.

The tax deed in question contained a recital that the
land was assessed to unknown owners, and to all owners
and claimants known and unknown. The further facts
are stated in the head-notes and opinion of the court.

*C. A. & F. P. Tuttle,* for Appellant.

*Hale & Craig,* for Respondent.

The COURT.—The deed of the tax collector conveyed
no title. Inasmuch as the bill of exceptions shows no
evidence or offer of evidence tending to prove that de-
fendant or her grantor entered under the deed,— or con-
tinued to hold adverse possession thereunder,— the deed
cannot be claimed to have been admitted to extend the
limits of an adverse possession. The tax deed being
void, the defendant could not rely on the *assessment* as
translative of title. (*Grimm* v. *O'Connell,* 54 Cal. 522;
*Hearst* v. *Eggleston,* 55 Cal. 367.)

But as the court below directed a judgment for the
defendant, it is suggested that the judgment may have
been based on evidence proving an adverse possession.
This is true, but it is also true that the court may have
ordered the judgment upon the assumption that the de-
fendant had acquired *the title* by virtue of her deraign-
ment from the purchaser at the tax collector's sale.

The Code of Civil Procedure provides that in a bill of
exceptions "the objection must be stated with so much
of the evidence or other matter as is necessary to explain
it, and no more." (Sec. 648.)

When the bill of exceptions reaches us we must pre-

sume that all the evidence tending to explain the objection taken is inserted in the bill. If from such evidence it appears that the court below erred in ruling against the appellant as to a material matter, this is ground for reversal.

We must take it for granted that the judge of the trial court, in settling a bill of exceptions, will see to it that sufficient of the testimony as will sustain his ruling, if any such was given, is incorporated in the bill of exceptions.

Judgment reversed, and cause remanded for a new new trial, with leave to the parties to amend their pleadings as they may be advised.

McKEE, J., dissenting.—I dissent. The question arising out of the record on appeal in this cause is, whether the court below erred in overruling ojections made at the trial of the cause to the admissibility in evidence of tax deed offered by defendant.

Defendant's answer contained a special defense of the statute of limitations.

On the trial of the issues raised by the answer the tax deed was admissible in evidence for the purpose of showing adverse entry and occupation by the defendant under it for the statutory period, and thus proving title under sections 322 and 323, Code of Civil Procedure.

No doubt the deed itself would not be sufficient evidence of an adverse possession. But that is not the question. The question is, Was it admissible in connection with other evidence of such a possesion ? for as the ruling of the court upon the admissibility of the deed is the only ruling challenged and sought to be reviewed, and as the defendant had judgment, this court is bound to presume that there was sufficient evidence to sustain the judgment.

I think there was no error in admitting the deed in evidence.