[No. 11899. In Bank. — December 12, 1888.]

## C. L. WILSON, APPELLANT, *v.* E. J. ATKINSON, RESPONDENT.

VOID TAX DEED — COLOR OF TITLE — ADVERSE POSSESSION — STATUTE OF LIMITATIONS. — A tax deed, though void on its face, if containing a proper description of the land, is sufficient to give color of title, under which a claimant of title in good faith may found an adverse possession, so as to set the statute of limitations in motion. It is a written instrument, upon which a claim of title may be founded as being a conveyance of the property in question, within the meaning of section 322 of the Civil Code, and is effective as notice of the extent of the possession and claim under it.

ID. — CLAIM OF TITLE IN GOOD FAITH. — In order to begin an adverse possession under a claim of title, within the meaning of section 322 of the Civil Code, the adverse occupant must enter and hold the land in good faith, believing his conveyance to be valid. Knowledge that the instrument is absolutely void will vitiate the claim of title; but such knowledge must be actual, and not such as would arise from the legal construction of the instrument.

ID. — EVIDENCE OF ADVERSE POSSESSION. — When the evidence shows that the holder of a void deed entered and held possession of the land under it, claiming to be the owner of the property by reason of the conveyance, and that the plaintiff had actual notice of the adverse claim and its foundation, such deed is admissible in evidence for the purpose of defining the character and limiting the extent of the defendant's possession.

APPEAL from a judgment of the Superior Court of Placer County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*C. A. & F. P. Tuttle,* for Appellant.

*Hale & Craig,* for Respondent.

WORKS, J.—Action of ejectment. Trial by jury. Verdict and judgment for defendant. The plaintiff proved title from the United States government, and that, at the time the action was commenced, the defendant was in possession of the property.

The defendant, to sustain the issues on her behalf, introduced a tax deed to one Singer, bearing date September 3, 1875, and a bargain and sale deed from Singer to her. There was evidence tending to show that Singer had claimed title under the tax deed from the time of its execution, and that he had notified the plaintiff of the fact that he held the tax deed and that he claimed title under it soon after its execution. There is also evidence that Singer leased the land to other parties to be used as pasture for stock, for the years 1876 to 1882, inclusive, except the year 1879, and that all taxes were paid by him from the time of receiving the deed. The deed from Singer to the defendant bears date May 11, 1883. The land is shown to have been fenced early in 1880. The only evidence of possession before that is, that the land was used for the purpose of pasturing sheep and other stock, but it tends to show that such possession was exclusive, the stock being herded on the land and the stock of others kept off.

The tax deed above referred to was held to be void when this case was here before. (*Wilson* v. *Atkinson*, 68 Cal. 590.) The plaintiff objected to the admission of this deed in evidence, on the ground that it was void and passed no title, and was irrelevant, did not give color of title, and was not sufficient to set the statute of limitations in motion, or to show possession under it. The objection was overruled, the defendant admitting that the deed was not sufficient to prove title, but contending that it was competent, as tending, in connection with the parol testimony, to show the character and extent of the possession.

There is much diversity of opinion in the decided

cases upon the question, whether a deed void on its face is such a written instrument as will uphold and render effective the possession of real estate that would otherwise fail to give title.

It has been held by this court, in a number of cases, that a tax deed like this, containing the recital that the land was assessed to "unknown owners, and to all owners and claimants known and unknown," is void, and appears to be so on its face. (*Grimm* v. *O'Connell*, 54 Cal. 522; *Hearst* v. *Egglestone*, 55 Cal. 365; *Wilson* v. *Atkinson*, 68 Cal. 590.)

The code provides: "When it appears that the occupant, or those under whom he claims, entered into the possession of the property *under claim of title*, exclusive of other right, *founding such claim upon a written instrument, as being a conveyance of the property in question*, . . . . and that there has been a continued occupation and possession of the property included in such instrument, . . . . or of some part of the property, *under such claim*, for five years, the property so included is deemed to have been held adversely." (Code Civ. Proc., sec. 322.)

The deed in question was a written instrument, purporting to convey the real estate in controversy by a proper description. It is properly executed, and there is evidence tending to show that the defendant and her grantor claimed title under it *as being a conveyance of the property.* In some of the cases it is said that the conveyance must be *good in form*, contain a description of and profess to convey the property, and that containing these requirements it will give color of title, although in fact invalid and insufficient to pass the title, or actually void or voidable. (*Packard* v. *Moss*, 68 Cal. 123–127, and cases cited.)

To sustain their contention that the deed, being void on its face, could not put the statute of limitations in motion, counsel for appellants cite the following authorities: *Packard* v. *Moss*, 68 Cal. 127, 128; *Moore* v. *Brown,*

11 How. 414, 425; *Skyle* v. *King*, 2 A. K. Marsh. 385; *Walker* v. *Turner*, 9 Wheat. 542; *Shoat* v. *Walker*, 6 Kan. 65; *Cain* v. *Hunt*, 41 Ind. 466; 26 Am. Law Reg. 409, 416.

We have given these authorities our careful attention. They are in the main based upon statutory provisions differing materially from our own, but in principle support the appellant's position. Many other cases to the same effect might have been cited. The decided cases are so conflicting as to aid us very little in attempting to arrive at a proper conclusion, but the reasoning by which the courts of the several states have supported the doctrines laid down are worthy of careful consideration.

The case of *Moore* v. *Brown, supra,* was founded upon a statute of limitations of the state of Illinois which applied to persons "having a connected title in law or equity, . . . . from any public officer or other person *authorized by the laws of the state to sell such land* for the non-payment of taxes, and who had held possession thereunder for seven years." The deed showed upon its face that the auditor sold the land short of the time provided by law. It was held that the deed disclosed the fact that the officer was not "authorized by the laws of the state to sell the land," that the purchaser must take notice of the fact appearing on the face of his deed, and his holding could not be regarded as adverse.

Chief Justice Taney and Justices Catron and Grier dissented, and gave their reasons. This case reviews the case of *Skyle* v. *King*, cited by counsel. It was based upon a statute almost identical with the Illinois statute above referred to.

The case of *Shoat* v. *Walker* rested upon similar grounds. The deed showed upon its face that the property was sold for taxes to the county of Lyon, and that the certificate of sale was assigned by the *county treasurer* to one Howard, and the tax deed executed to

him. It was held that there was no law authorizing the treasurer to make such assignment, but that it must be done by the county clerk. The case did not involve the question of adverse possession, as it was conceded that there had been no actual possession, and that the land was wild and uncultivated. The decision was based upon *Moore* v. *Brown, supra,* and *Lain* v. *Shepardson,* 18 Wis. 59, in which it was held that the statute of limitations did not run under a tax deed void on its face; where there had been no actual possession.

The other cases cited by counsel do not materially aid them, and need not be specially noticed.

In the article in 26 Am. Law Reg. 409, by Mr. Black, entitled "Color of Title," the authorities are carefully reviewed, and the conclusion reached that their weight is against the position of appellant in this case.

Color of title is that which in appearance is title, but which in reality is no title. (*Wright* v. *Mattison,* 18 How. 54.)

In the case of *Veal* v. *Robinson,* 70 Ga. 816, it was held that "color of title is anything in writing purporting to convey title to land, which defines the extent of the claim, it being immaterial how defective or imperfect the writing may be, so that it is a sign, semblance, or color of title."

In *Brooks* v. *Bruyn,* 35 Ill. 394, it is said: "Any instrument having a grantor and a grantee, and containing a description of the lands intended to be conveyed, and apt words for their conveyance, gives color of title to the lands described. Such an instrument purports to be a conveyance of the title; it passes only color or the semblance of a title. It makes no difference whether the instrument fails to pass an absolute title because the grantor had none to convey, or had no authority, in law or in fact, to convey one, or whether such want of authority appears on the face of the instrument, or *aliunde.* The instrument fails to pass an absolute title, for the rea-

son that the grantor was not possessed of some one or more of these requisites, and therefore it gives the semblance or color only of what its effect would be if they were not wanting."

The supreme court of Wisconsin says in *Oconto Company* v. *Jerrard*, 46 Wis. 317: "When municipalities or their taxing officers assume to levy a tax or to institute a tax proceeding not authorized by statute, they are outside of their functions, and are not acting *virtute officii*. They are not in the exercise of the sovereign power of taxation, and are as powerless to tax as private persons. Their whole proceeding is a mere usurpation, and absolutely void throughout for all purposes. In such a case there is nothing for the statute of limitations to act upon. But when there is statutory authority within the scope of the constitution to raise money by taxation from property subject to taxation, to come into the public treasury for public use, and there is an actual attempt under color of law to exercise the authority, it is, while *in fieri, prima facie* a valid tax proceeding; and when the statute of limitations has run upon it, it is conclusively established as a valid exercise of the taxing power."

The statute of Wisconsin is in almost, if not quite, the exact language of our own, and the supreme court of that state has held in a number of cases that a tax deed void upon its face is a written instrument within its meaning. (*McMillan* v. *Wehle*, 55 Wis. 685, 693, and cases cited.)

As further supporting this doctrine, we cite *Leffingwell* v. *Warren*, 2 Black, 599; *Pugh* v. *Youngblood*, 69 Ala. 296; *Gatling* v. *Lane*, 17 Neb. 77; *Dalton* v. *Lucas*, 63 Ill. 337; *Stovall* v. *Fowler*, 72 Ala. 77; *Pillow* v. *Roberts*, 13 How. 472, 476; Wood on Limitation of Actions, 522, 536.

In *Pillow* v. *Roberts, supra*, the court uses this language:—

"Statutes of limitation are founded on sound policy. They are statutes of repose, and should not be evaded by

a forced construction.   The possession which is protected by them must be adverse and hostile to that of the true owner.   It is not necessary that he who claims their protection should have a good title, or any title but possession.   A wrongful possession, obtained by a forcible ouster of the lawful owner, will amount to a disseisin, and the statute will protect the disseisor.   One who enters upon a vacant possession, claiming for himself upon any pretense or color of title, is equally protected with the forcible disseisor.   Statutes of limitation would be of little use if they protected those only who could otherwise show an indefeasible title to the land.   Hence color of title, even under a void and worthless deed, has always been received as evidence that the person in possession claims for himself, and of course adversely to all the world.   A person in possession of land, clearing, improving, and building on it, and receiving the profits to his own use, under a claim of title, is not bound to show a forcible ouster of the true owner in order to evade the presumption that his possession is not hostile or adverse to him.   Color of title is received in evidence for the purpose of showing the possession to be adverse; and it is difficult to apprehend why evidence offered and competent to prove that fact should be rejected till the fact is otherwise proven."

In the case of *Packard* v. *Moss*, 68 Cal. 123, cited by counsel for appellant, the authorities were cited and reviewed to some extent.   The deed before the court in that case was not void upon its face, but was founded upon a void judgment.   The court said:—

"At least it is not urged that the sheriff's deed is in other than the usual form.   As a foundation of title, it is worthless by reason of the void judgment in which it had its inception.   We are not, however, considering it as a medium for the conveyance of title.   An adverse claimant of land is a wrong-doer, and as such is treated and known to the law, until, by a lapse of years, his acts, be-

fore tortious, are consecrated by time and dignified as lawful. A deed which gives color of title simply measures and fixes the limit, the extent of a wrongful possession, and while it continues wrongful, may be used against the wrong-doer as evidence of the extent of his wrongful possession; and when by five years' acquiescence the wrongful acts of possession came to be recognized as lawful, the deed, which before fixed the extent of the wrong, stands as a land-mark to bound the right acquired. Before, it defined the limits to which an unlawful possession extended. After five years of adverse possession, the occupancy having become valid, the boundaries which before marked the wrongful possession remain as indices of the extent of the right."

The deed we are now considering, although it contained a recital showing that the assessment under which the tax sale was made was invalid, contains all the other requisites of a good and valid deed, including a sufficient description of the land claiming under it. It was just as effective, as notice of the extent of the defendant's possession and claim, as if the objectionable recital had been omitted.

There are cases holding that, in order to avail himself of the benefits of the statute of limitations, the adverse occupant must enter and hold the land *in good faith,* believing his conveyance to be valid. (*Nieto* v. *Carpenter,* 21 Cal. 455, 490; *Waterhouse* v. *Martin,* Peck, 392; *Saxton* v. *Hunt,* 20 N. J. L. 487; *Davidson* v. *Coombs,* 18 Rep. (Ky.) 15; 26 Am. Law Reg. 418. But see Wood on Limitation, 530, 531.)

This is, no doubt, the meaning of the provision of the code, that he must enter into possession under claim of title, *founding such claim upon a written instrument as being a conveyance of the property.* (*McCracken* v. *City of San Francisco,* 16 Cal. 591, 636; *Walsh* v. *Hill,* 38 Cal. 481, 488; *Wolfskill* v. *Malajowich,* 39 Cal. 276, 280.)

It could not be justly said that a party was founding

his claim upon a written instrument, as being a conveyance, when he knew the instrument to be absolutely void. The code should be construed as requiring the claim of title to be made in good faith, believing the deed to be a conveyance of the property. But the knowledge of the true character of the instrument by the occupant must be actual, and not such as would arise from the legal construction of the instrument. To give the statute any other construction would deprive it of much of its force.

There are decisions of this court holding that a deed made in violation of law, and so appearing on its face, cannot give color of title. (*Sunol* v. *Hepburn*, 1 Cal. 254, 280; *Woodworth* v. *Fulton*, 1 Cal. 295; *Bernal* v. *Gleim*, 33 Cal. 668.)

So it has been held in the earlier cases that a deed, to give color of title, must *prima facie* give a good title. (*Bernal* v. *Gleim*, 33 Cal. 668, 676.)

But the earlier cases holding that a deed void upon its face could not aid the adverse possession of the occupant were based upon the peculiar language of the Spanish law, and are of but little weight in determining what should be the rule under the present code provision. Beside, in one, at least, of the cases the deed was one expressly prohibited by law. So far as the cases hold that a void deed, which does not appear on its face to be such, cannot give color of title, they are overruled by later cases. (*Packard* v. *Moss*, 68 Cal. 123.)

The deed we are considering was not prohibited by law, and the officer who executed the deed was authorized to do so by the laws of this state. The only objection to it is, that it shows that the legal steps necessary to authorize a sale of the property were not taken. The defect was not one which would be readily detected. Whether such a deed was in fact void has been a matter of grave question, but is now settled by the decided cases.

The parol evidence in the case sufficiently shows that the holder of the deed entered and held possession of the land under it, claiming to be the owner of the property by reason of the conveyance, and that the plaintiff had actual notice of the adverse claim and its foundation.

We are clear that under the circumstances of this case the deed was properly admitted in evidence, for the purpose of defining the character and limiting the extent of the defendant's possession. (See dissenting opinion of Mr. Justice McKee, in *Wilson* v. *Atkinson,* 68 Cal. 592.)

Certain instructions were asked by appellant and refused. They proceeded upon the theory, either expressed or assumed, that the tax deed above referred to was not sufficient to give color of title, and for that reason, if for no other, were properly refused.

There are other questions presented by the appellant's brief, but they do not call for special notice.

The judgment and order denying a new trial are affirmed.

SHARPSTEIN, J., THORNTON, J., and McFARLAND, J., concurred.