[Civ. No. 421.   Second Appellate District.—November 22, 1907.]

## JESSE KNIGHT, Trustee, Respondent, v. EMILY G. COHEN and WILLIAM COHEN, Appellants.

EASEMENT FOR PIPE-LINE—INJUNCTION—AGREED STATEMENT OF FACTS —FINDINGS.—In an action to enjoin interference with an easement of the plaintiff for a pipe-line over the land of the defendants, where the case was submitted upon an agreed statement of facts, no findings are necessary, and the only question is, What is the law applicable to the facts?

ID.—FACTS SHOWING EASEMENT BY PRESCRIPTION UNDER CLAIM OF RIGHT.—*Held,* that, as matter of law, the agreed statement of facts shows that the plaintiff became the owner of the easement for the pipe-line by adverse user, under a claim of right for the period of five years, and was entitled to an injunction to prevent interference therewith by the defendants.

ID.—MODE OF CLAIM OF RIGHT.—The claim of right, which is essential to constitute an adverse user of an easement may be made by acts alone, as effectively as by the use of words, either oral or written; and possession and user as persons are accustomed to hold and use such property, without recognition of title in another, or disavowal of title in himself, will, if unexplained, raise a presumption of title in the occupant, and in the absence of evidence in rebuttal will establish the fact of a claim of title.

ID.—DEED CONVEYING NO TITLE—COLOR OF TITLE—NOTICE TO DEFENDANTS.—A deed which in fact conveyed no title from one supposed to be the owner of the easement, the title being in a trustee, is sufficient to constitute color of title, and when the defendants had notice of the claim of right by the plaintiff under such color of title, the plaintiff's occupancy was under a claim of right, and must be deemed adverse.

ID.—EXTENT OF EASEMENT FIXED BY USER.—The color of title merely served to establish the claim of right, and could not serve to fix the extent of the easement for the pipe-line, which must be fixed by the extent of the actual adverse occupation and use of the water flowing therein, under a claim of right for five years.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Walter Bordwell, Judge.

The facts are stated in the opinion of the court.

J. J. Scrivner, Alfred H. Cohen, and Lawler, Allen & Van Dyke, for Appellants.

Anderson & Anderson, for Respondent.

SHAW, J.—This is an action brought to obtain an injunction against defendants restraining them from cutting or otherwise interfering with a pipe-line of plaintiff's extending across the land of appellant Emily G. Cohen, and by means whereof plaintiff conducts to the consumers thereof certain waters developed upon contiguous lands.

The case was submitted upon an agreed statement of facts, it being stipulated that the court might base its conclusions of law thereupon and render judgment accordingly. The court adopted the statement of facts as its findings, and, in addition thereto, found that all the allegations of the complaint were true and that all of the denials of the answer to the complaint were untrue. These two findings should, if findings be necessary in such a case, dispose of the contention of appellant. It has been held, however, that where a case is submitted upon an agreed statement of facts no findings are necessary, the only question being as to what is the law applicable to those facts. (*Gregory* v. *Gregory,* 102 Cal. 50, [36 Pac. 364]; *McMenomy* v. *White,* 115 Cal. 339, [47 Pac. 109].) This being true, it is necessary to call attention to such parts of this lengthy narrative as may be pertinent to a proper consideration of the question presented.

From this statement it appears that in 1893 May I. Gould, who was the owner of the land across which said pipe-line extends, executed a deed of trust whereby she conveyed said lands to a trustee as security for the payment of a loan obtained from the appellant Emily G. Cohen. Default was made in the payment of this loan, and on February 20, 1899, the trust was executed by sale of the property to said Cohen, who immediately entered into possession thereof. On April 30, 1898, said Gould, the then occupant and owner of said land subject to said deed of trust, executed to one Dunham, the grantor of plaintiff, a deed whereby she granted to said Dunham a right of way across the lands in question for the construction of said pipe-line, which he immediately constructed over and across said lands, since which time he and

his successors in interest have continuously used said pipe-line for the purposes for which it was intended. This deed to Dunham was not recorded, and defendants had no knowledge of its existence at the time Emily G. Cohen acquired title to and possession of the land. On May 25, 1899 (after Cohen had acquired title and possession of said land), Dunham joined with others in the execution of a deed whereby they conveyed said pipe-line, with certain water rights and water-bearing land, to plaintiff. This deed was recorded May 31, 1899. Plaintiff and his predecessors in interest had for more than six years prior to the acts complained of maintained said pipe-line across said lands of appellant Emily G. Cohen, and had been in the continuous, open, visible and exclusive use and possession of said pipe-line during all of said time under and by virtue of said grants from May I. Gould and said Dunham and others, and during all of said time had openly, visibly, notoriously, and continuously conducted waters over the said lands of said Cohen through said pipe-line without interruption in the use of said pipe-line so granted to him and his predecessors by the aforesaid grants. It appears that since November 22, 1899, appellant Emily G. Cohen has been continuously engaged in litigation with plaintiff and others over the question of ownership of the waters carried through said pipe-line by plaintiff and the right to the use thereof, in which litigation said defendant Emily G. Cohen has denied plaintiff's right to use or carry away any of said waters by means of said pipe-line or otherwise. When said Cohen acquired title to said lands and took possession thereof on February 20, 1899, appellant learned that respondent was using said pipe-line and operating the same over her land, but she had not learned that plaintiff claimed to have constructed said pipe-line over said lands under and by virtue of the unrecorded deed from May I. Gould. On November 22, 1899, Emily G. Cohen commenced an action against the plaintiff, who, on February 6, 1900, in an amended answer filed therein, alleged that they (plaintiff herein and others) "admit that they conducted by means of pipes, the waters of said springs and the said developed waters across certain lands described in the complaint, but allege that the same was under grant of right of way from May I. Gould of date April 30, 1898, to Edward Dunham, and under grant

from William Hefferman to Edward Dunham, conveying said land to said Edward Dunham, of date April, 1898, and at date of said deeds May I. Gould was in possession of said land claiming the same, and said William Hefferman held the record legal title thereto.'' Hefferman held a sheriff's deed to said lands under a sale made upon execution issued upon a judgment rendered against said Gould. During all of the times in question plaintiff and his predecessors in interest maintained and operated said pipe-line over and across said lands and conducted water through the same with the knowledge of the appellant Emily G. Cohen, and without any objection or interference therewith from her, except as hereinafter stated, and without rendering any compensation for the use of said pipe-line; but he never at any time informed her in words that he claimed a legal right so to do.

On April 15, 1905, asserting her right so to do, defendant Emily G. Cohen broke and cut said pipe-line, thereby preventing the use of the same by plaintiff, who immediately entered upon said lands along the line of said pipe-line and, after making the repairs necessary to restore it to a condition of usefulness. instituted this action, alleging in his complaint that defendants threatened to and would, unless restrained by an order of court, again destroy the pipe-line and render it impossible to conduct the water through the same, all of which was admitted.

While freely admitting plaintiff's possession and use of the pipe-line for a period of more than five years, that such use and occupation were open, notorious, continuous and uninterrupted, and with the knowledge and acquiescence of appellant Emily G. Cohen, it is nevertheless contended that these facts are insufficient to establish a prescriptive right in plaintiff, for the reason that it is not shown that such use and possession were under a claim of right, and hence the possession is lacking in one of the essential elements necessary to constitute an adverse holding, without which possession could not ripen into a prescriptive right. It is also insisted that as the sale under the deed of trust canceled all rights acquired by Dunham by virtue of the unrecorded deed from May I. Gould, such deed could not constitute color of title and plaintiff's possession was, therefore, that of a tenant at will of appellant Emily G. Cohen.

In *Thomas* v. *England,* 71 Cal. 460, [12 Pac. 491], it is said: "To perfect an easement by occupancy for five years, the enjoyment must be adverse, continuous, open, peaceable. It must be adverse, and under claim of a legal right so to do, and not by the consent, permission, or indulgence merely of the owner of the alleged servient estate." Adverse use is inconsistent with a license or permissive use; the occupation in order to constitute an adverse user must be based upon a claim of right. This claim may be made by acts alone quite as effectively as by the use of words either oral or written. (*Barnes* v. *Light,* 116 N. Y. 34, [22 N. E. 441].). Possession and user as owners are accustomed to hold and use such property without recognition of title in another, or disavowal of title in himself, will, if unexplained, raise a presumption of title in the occupant, and in the absence of evidence in rebuttal, will establish the fact of a claim of title. (*La Frombois* v. *Smith,* 8 Cow. 589, [18 Am. Dec. 463].)

"If there has been the use of an easement for twenty years unexplained, it will be presumed to be under a claim of right and adverse, and be sufficient to establish a title by prescription and to authorize the presumption of a grant, unless contradicted or explained." (Washburn on Easements and Servitudes, p. 156.) In *Cox* v. *Forrest,* 60 Md. 74, it is said: "Where one, however, has used a right of way for twenty years unexplained, it is but fair to presume the user is under a claim of right, unless it appears to have been by permission."

Under the admitted facts, it devolves upon appellant to show that the user was by permission, or otherwise explain it. The only contention upon this point urged by appellant is, that respondent, having entered under the deed from May I. Gould, executed subsequently to the deed of trust under which appellant Emily G. Cohen acquired title, became a tenant of said Cohen by sufferance in subordination to the title of appellant, which relation would continue until a disavowal on his part, with notice of such disavowal brought home to appellant. In support of this position counsel cites, among other cases, *Graydon* v. *Hurd,* 55 Fed. 724, [5 C. C. A. 258]. This was a sale under a decree foreclosing a mortgage, and the decree directed that persons in possession of the land should deliver possession to the purchaser "on production of

the deed to the premises and a certified copy of the order confirming the report of such sale after such order has become absolute." The court held that this order was a recognition of the relation of landlord and tenant by sufferance between the purchaser and occupant of the land. In its opinion the court says: "There is some conflict in the decisions of the state courts upon the question"—thus apparently recognizing the fact that the supreme court of this state has held contrary to the rule there laid down. In *McDermott* v. *Burke*, 16 Cal. 580, the supreme court, in considering the question, says: "The relation between the purchaser and tenant is that of owner and trespasser until some agreement, express or implied, is made between them with reference to the occupation." No such agreement was ever made. Plaintiff never acknowledged anyone as lessor, nor recognized the title of anyone as being paramount to his own. He did not enter or occupy the land by virtue of any license or permissive right, but entered, as alleged in the answer filed on February 6, 1900, in the action brought by Emily G. Cohen against the La Canada Land and Water Company, under a grant of right of way from Gould and Hefferman, the latter alleged to be the holder of the legal title to the right so granted. That the legal title was vested in the trustee and the deed in fact conveyed no title is immaterial. It, nevertheless, constituted color of title (*Wilson* v. *Atkinson*, 77 Cal. 485, [11 Am. St. Rep. 299, 20 Pac. 66]; *Packard* v. *Moss*, 68 Cal. 123, [8 Pac. 818]; *Cameron* v. *United States*, 148 U. S. 308, [13 Sup. Ct. 595]; Wood on Limitation of Actions, sec. 259); and whether sufficient or not, this allegation in the answer gave Emily G. Cohen notice (if notice were necessary) that plaintiff's occupancy was under a claim of right, and, under the provisions of section 322 of the Code of Civil Procedure, possession must be deemed to be held adversely.

The deed is of no consequence so far as defining the extent of the right, its only function being to furnish a basis for the claim, the extent of which is measured by actual occupation and use. "Where location and duration of a way are not defined, they may be fixed by use and acts of acquiescence." (Washburn on Easements, sec. 239.) The facts clearly show that the general attitude of the parties was from the first one of hostility toward each other, and that from November

22, 1899, they were continuously engaged in litigation. "The relations of the parties, their conduct, the situation of the property, and all the surrounding circumstances" (*Clarke* v. *Clarke,* 133 Cal. 667, [66 Pac. 10]), evidence the fact that the use was under a claim of right, rather than by reason of a mere matter of neighborly accommodation.

We attach no weight to appellants' contention that the condemnation suit brought by plaintiff should constitute an estoppel against his plea of a prescriptive right. It clearly appears that the purpose sought was not to acquire by condemnation the right then in use, but a right of way for a pipe-line of increased capacity, as well as certain tunnel rights.

The judgment is affirmed.

Allen, P. J., and Taggart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 21, 1908.