MARY POLACK, APPELLANT, *v.* P. McGRATH, *et als.*, RESPONDENTS.

SECOND APPEAL.—LAW OF THE CASE.—If, upon a second appeal, the same state of facts, substantially, is presented, as upon the former appeal, the former decision settles the law of the case, and is conclusive.

*Per* CROCKETT, J., specially concurring:

IDEM.—It is very evident that on the second appeal we cannot reverse our ruling on any question which was decided on the first appeal. The first decision, whether right or wrong, becomes the law of the case.

FINDINGS BY THE COURT.—All the findings must be construed together.

APPEAL from the District Court of the Fourth District, City and County of San Francisco.

The case is stated in the opinion. ·

*Jarboe & Harrison,* for Appellant.

*E. A. Lawrence,* for Respondents.

SANDERSON, J., delivered the opinion of the Court.

This case has been here before, and will be found reported in 32 Cal. 15. It was brought here then by the defendants, and we reversed the judgment against them upon the general ground that the evidence failed to show, on the part of the plaintiff, such a possession as is required by the Van Ness Ordinance, or such a prior possession as is required by the common law, in order to maintain ejectment, and sent the case back for a new trial. It has been again tried, and this time the judgment was against the plaintiff, who has brought the case here.

In all essential respects the facts disclosed by the present record are the same as those presented by the record on the former appeal. Such being the case, we could not disturb the present judgment without in effect reversing our judgment on the former appeal, which we could not do even if we were dissatisfied with our former judgment. Whether right or wrong, that judgment has become the law of this case.

Judgment and order affirmed.

CROCKETT, J., concurring:

The action is ejectment to recover a lot in the Western Addition to San Francisco, and the plaintiff relies on prior possession alone. On the first trial the cause was tried before a jury, which rendered a verdict for the plaintiff, and judgment was entered accordingly. On appeal to this Court, the judgment was reversed, on the ground that the evidence was insufficient to establish a prior possession in the plaintiff. On the second trial, the cause was tried before the Court, without a jury, and findings were filed, on which a judgment was entered for the defendants, and the plaintiff appeals. It is very evident that on the second appeal we

cannot reverse our ruling on any question of law which was decided on the first appeal. The first decision, whether right or wrong, has become the law of the case. It only remains for us to ascertain whether or not the plaintiff has strengthened her case on the second trial. If the evidence of the prior possession, on the last trial, was in substance the same as on the first, our ruling upon it must of necessity be the same, for the reason already stated. On the first trial the main fact relied upon as establishing a prior possession was, that the plaintiff's grantor had erected around the premises a fence made of posts and rails ; that the fence was five feet high and consisted of posts, eight feet apart, and two rails, two by three inches in size ; that the plaintiff and her grantor had repaired the fence from time to time and kept it in good condition, up to the time of the entry by the defendants ; but it was proved that neither the plaintiff or her grantor had ever resided upon, improved or cultivated the lot, or otherwise occupied it, except by the erection of the fence or keeping it in repair. It was also proved that the fence was not sufficient to turn cattle. On these facts this Court held, on the first appeal, that the plaintiff had failed to establish such a possession as entitled her to maintain the action. On the second trial, several additional witnesses were called; but their testimony was only cumulative, both as to the character of the fence and its sufficiency to turn cattle. The Court therefore finds that the lot was enclosed ''with a fence consisting of posts, in size three by four inches, and four and one half feet high, set in the ground eight feet apart, with two rails laid thereon, which were two by three inches in size." On the first appeal, we held that such a fence, though repaired and kept in good condition, did not establish a possession of the premises; and no additional fact was proved on the second trial to take the case out of the rule thus announced. If it was an original proposition, open to discussion in this case, my present impression is, that I should be inclined to hold the proof of possession to be sufficient. But the case being substantially the same on both trials, I think the plaintiff is concluded by the decision on the first appeal.

It is insisted, however, by the plaintiff, that in the third finding the Court finds it as a fact that on the partition of the larger tract, of which the premises in contest form a part, the plaintiff's grantor "entered into the exclusive occupation of the premises allotted to him upon such partition."

But all the findings must be construed together; and in the sixth finding the Court finds "that during said period of time, said plaintiff and her predecessors or grantors did not live upon or cultivate said premises, except as above stated in the fourth finding hereof, and *did no other acts of possession on said Block No.* 289, *except to keep said fences in repair.*" By the fourth finding, it appears that the plaintiff's grantor erected a house and resided upon another portion of the larger tract, separate from the premises in controversy, and which was enclosed with a separate fence. I do not understand that the Court intended, in the third finding, to state that there was any other "exclusive occupation" of the premises in controversy, except such as resulted from the erection of the fence and keeping it in repair. On the whole, I can perceive no means to escape the conclusion that the decision on the first appeal is conclusive of this, and I therefore concur in affirming the judgment.


SAWYER, C. J., dissenting:

I think the plaintiff entitled to a judgment on the findings. It seems to me that the findings present a stronger case of possession than was shown when the case was here before, and for this reason I think the former decision not conclusive. In my judgment, the findings show a prior possession in plaintiff's grantors. I am, therefore, compelled to dissent. I think the judgment should be reversed and judgment for plaintiff entered on the findings.