[No. 14355.    Department One. — January 15, 1892.]

HERMANN KOCKEMANN, EXECUTOR, ETC., APPELLANT, v. CHARLOTTE BICKEL ET AL., RESPONDENTS.

QUIETING TITLE — PRESCRIPTIVE TITLE — EVIDENCE OF ADVERSE POSSESSION — ENTRY UNDER TAX DEED. — In an action to quiet title to a city lot, where the defendants claimed title by prescription, and the evidence showed that defendants' grantor entered into possession of the lot under a tax sale and deed, and inclosed it by a fence, except a gateway about four feet wide, claiming to own the lot by as good a title as could be acquired by a tax deed, and that the property was improved and resided upon by his successors in interest, and a continuous possession maintained under claim of title by defendants and their grantors for a period of more than five years prior to the commencement of the action, a *prima facie* case of adverse possession under sections 322 and 323 of the Code of Civil Procedure is sufficiently shown, and in the absence of countervailing evidence, a finding of adverse possession is justified by the evidence.

ID. — UNINCLOSED GATEWAY. — The lot having been used "for the ordinary use of the occupant," — as a city residence, — the fact that the gateway in the fence was not inclosed was immaterial.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion.

*Mortimer & Harris,* and *Hutton & Swanwick,* for Appellant.

*John D. Bicknell, D. P. Hatch,* and *Brousseau & Hatch,* for Respondents.

VANCLIEF, C. — Action to quiet title to a lot of land in the city of Los Angeles.

Besides denying the material allegations of the complaint, the defendants pleaded the statute of limitations (Code Civ. Proc., sec. 318), under which they claim title by prescription.

The trial was by the court without a jury, and the court found for the defendants on all the issues, and gave judgment accordingly. Plaintiff appeals from the judgment, and from an order denying his motion for a new trial.

It is clear that the defendants and their grantors were in the possession of the lot in controversy continuously during the period of more than five years immediately preceding the commencement of this action, and the only question presented for decision is, Was such possession continuously adverse to the plaintiff and his testator?

Defendants' grantor entered into possession under a tax deed executed by the proper officer, definitely describing the lot, and otherwise in due form, except it recited, in substance, that the lot in question was offered for sale, together with three other lots in the same city, to pay the delinquent taxes assessed on the four lots, to *unknown owners*, and that the lot in question being the smallest portion for which any bidder would pay said taxes, it was struck off to N. P. Campbell, who was the lowest bidder, and who paid said taxes, with costs and charges, etc.

Campbell assigned the certificate of this sale to Frank Ellis, and upon it the tax deed was executed to Ellis on November 12, 1883.

Ellis testified that he bought the tax title from Campbell September 24, 1883 (this refers to his purchase of the certificate of sale), and within a week or ten days after that he inclosed the lot by a fence, except a gateway about four feet wide, and claimed to own as good a· title as a man could under a tax sale. Other witnesses testified as to the character of the fence, and the court

found that Ellis took possession immediately after the assignment of the certificate of sale, and " inclosed and protected the same with a substantial fence, excepting a small gateway on the front end of said lot, which opened on the street; that said fence was composed of posts, boards, and wires, and sufficient to turn stock; that said Ellis claimed title to said lot, . . . . founded upon the tax deed, . . . . and that he occupied the same solely, exclusively, notoriously, and adversely to every other person in the world."

On December 3, 1883, Ellis conveyed the lot to Mrs. O. A. George, who, with her family, immediately moved upon and commenced to improve the lot, and built a good, substantial house thereon, and resided thereon until March 26, 1886, when she conveyed the lot to the defendant Charlotte Bickel, who, with her husband, has ever since resided thereon.

And the court found that Mrs. George and Mrs. Bickel " have been in the open, exclusive, notorious, and adverse possession of the said land and premises, and the whole thereof, claiming title to the same by an instrument, in writing, duly executed and acknowledged, and of record in the office of the county recorder of Los Angeles County, California, for a period of more than five years immediately prior to the commencement of this action, holding and claiming the same adversely to the said plaintiff and his testator, and against all and every person."

The tax deed, though invalid as a conveyance of title, was sufficient to give color of title. It " was a written instrument, purporting to convey the real estate in controversy by a proper description. It was properly executed, and there is evidence tending to show that the defendant and her grantor claimed title under it *as being a conveyance of the property.*" ( *Wilson* v. *Atkinson,* 77 Cal. 485.)

The evidence was sufficient to make a *prima facie* case of adverse possession under section 322 of the Code of Civil Procedure, which provides: " When it appears that the occupant, or those under whom he claims, entered

into the possession of the property under claim of title, exclusive of other right, founding such claim upon a written instrument, as being a conveyance of the property in question, . . . . and that there has been a continued occupation and possession of the property included in such instrument, . . . . or some part of the property, under such claim, for five years, the property so included is deemed to have been held adversely."

There was no attempt to overcome the *prima facie* case, except in regard to the character of the fence; and the only grounds upon which it is contended here that the evidence was deficient are, that the gateway was not closed, and that there was no evidence tending to show "how or in what way either Mrs. George or her husband, or either of the defendants, claimed to own or occupy the premises"; that is to say, no verbal expression as to "how they claimed to own or occupy" was proved.

It was proved, however, that Ellis entered, improved the lot, and claimed, under the tax sale and deed, as good a title as could be acquired by a tax sale; that Mrs. George and Mrs. Bickel, by conveyances from him, entered, resided upon, and improved the property as none but owners usually do, thus indicating that they claimed absolute title, founded upon the tax deed and conveyances from Ellis, "exclusive of other right." These acts tended to prove all that is required by sections 322 and 323 of the Code of Civil Procedure, and, in the absence of countervailing evidence, were sufficient to justify the finding of adverse possession; for conceding that the inclosure was not complete, yet the lot was "used . . . . for the ordinary use of the occupant," viz., that of a city residence. (Code Civ. Proc., sec. 323, subd. 3.)

I think the judgment and order should be affirmed.

FOOTE, C., and BELCHER, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.