[L. A. No. 1318. Department Two.—February 1, 1905.]

## JOHN T. JONES, Appellant, v. CORA S. HODGES et al., Respondents.

ACTION TO QUIET TITLE—PRESCRIPTIVE TITLE OF DEFENDANT—ADVERSE POSSESSION—PAYMENT OF TAXES BY GRANTOR—SUPPORT OF FINDINGS.—In an action to quiet title, where the defendant relied upon a prescriptive title by adverse possession of herself and her grantor, who entered into possession under an invalid tax-title, where there is no question as to the adverse possession of the defendant and payment of taxes by her, the payment of taxes by her grantor, during the years of such grantor's possession, is sufficiently proved to sustain a finding for the defendant, where there is evidence as to the payment of taxes by such grantor, who then claimed the lot, and there is no question as to the payment of taxes for those years, or that they were paid by any other person than such grantor.

ID.—FENCE—SUBSTANTIAL INCLOSURE—QUESTION OF FACT—BREACHES NOT DESTROYING CONTINUITY.—The question whether the fence erected and maintained by defendant's grantor was a substantial inclosure, sufficient to turn cattle, was a question of fact for the trial court to determine from the evidence in the case. Where there was evidence to show that as originally constructed it would turn stock unless they would run into it in madness, and the only question related to times when rails were temporarily off the fence, such breaches in the inclosure, if repaired within a reasonable time, and not permitted to remain for a sufficient length of time to show a want of intention to continue the exclusive appropriation indicated by its original construction, did not destroy its continuity.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Charles Lantz, for Appellant.

The burden was not sustained to show payment of any taxes by plaintiff's grantor. (Code Civ. Proc., sec. 325; *Baldwin* v. *Temple*, 101 Cal. 396, 401; *Reynolds* v. *Willard*, 80 Cal. 605; *McGrath* v. *Wallace*, 85 Cal. 629; *De Frieze* v. *Quint*, 94 Cal. 653,[1] and cases cited.) The land was not continuously protected by a substantial inclosure. (*Polack* v. *McGrath*, 32 Cal. 15; 1 Am. & Eng. Ency. of Law, 2d ed., 834.)

Walter L. Krug, and Charles L. Batcheller, for Respondents.

The evidence as to payment of taxes for every year by defendant's grantor and by defendant for every year was proved by all the tax receipts for every year, and there being no evidence to show any other assessment or payment of taxes, the finding as to payment of all taxes assessed for more than five years before the commencement of the action was sustained, there being nothing in the evidence to show the contrary. The showing must be presumed sufficient in support of the judgment. (*McLennan* v. *Wilcox*, 126 Cal. 51; *Woody* v. *Bennett*, 88 Cal. 241, 243.) The temporary want of repair of the fence did not break the continuity of defendant's possession. (*Andrus* v. *Smith*, 133 Cal. 78; *Hillman* v. *White*, 19 Ky. Law Rep. 1682; *Sharrock* v. *Ritter* (Tex. Civ. App), 45 S. W. Rep. 156, 158.)

LORIGAN, J.—This action was brought against a number of defendants to quiet title to several lots in block 3 of the Malabar tract in South Pasadena, Los Angeles County. It was tried as to defendant Cora Hodges, and relative to lot 31 of said block, and from a judgment in her favor and an order denying his motion for a new trial plaintiff appeals.

Defendant asserted title to the premises by adverse pos-

---

[1] 28 Am. St. Rep. 151, and note.

session, based upon a claim that she had the lot protected by a substantial inclosure, and had paid all the taxes assessed upon it for a much longer period than the statute required.

The lower court found in her favor upon this plea, and whether this finding is sustained by the evidence presents the only point on appeal.

Defendant's predecessor—Mrs. Taylor—having in March, 1894, obtained a conveyance of this lot from one who claimed title to it under a tax-deed, which is conceded to have been void, shortly thereafter built a fence around the premises. In March, 1897, defendant purchased the lot from Mrs. Taylor, and in June, 1898, built a small dwelling-house thereon, and placed wire netting on the fence all around it. This action was commenced in April, 1901, some seven years after the original fence was constructed.

It is insisted by appellant that the evidence was insufficient to show that defendant's predecessor, Mrs. Taylor, paid the taxes assessed upon the property for the years 1894 to 1897, both inclusive, or that the fence surrounding the lot at the time of its construction and up to the time when defendant built the house on the lot and stretched the wire netting around the fence, was, or remained, a substantial inclosure within the meaning of section 323 of the Code of Civil Procedure.

There seems to be no dispute as to the payment of taxes, or the substantiality of the fence, subsequent to these latter dates.

We think the evidence sufficiently shows the payment of taxes for the years in question by Mrs. Taylor, who then claimed the lot. While the evidence might have been more specific and definite on this point, we are not prepared to say it was not sufficient to support the finding of the court, particularly when there was no question in the case that the taxes for any of these years had not been paid, or that they were paid by any one other than Mrs. Taylor.

Now, as to whether the fence as erected was, and remained, a substantial inclosure. The evidence is indefinite as to its height, and conflicting as to the size of its posts, and the distance they were set apart. But there was evidence to warrant the court in finding that this fence was from four to five feet high, consisting of posts four by four inches in size,

set five or eight feet apart, and had two rails; one by three inches, set, one near the top and the other near the bottom. ;

It is insisted by appellant that, in its original construction, this fence did not constitute a substantial inclosure; that it was not sufficient to turn cattle, which is the usual test to be applied in determining whether an inclosure is substantial or not. But it cannot be said, as matter of law, that this fence was insufficient for that purpose. Whether it was or not, was a question for the trial court to determine from all the evidence in the case. It is quite apparent from the record that upon the trial the evidence as to this fence was addressed almost exclusively towards proving the condition in which it stood during the three years subsequent to its construction, it being contended by appellant that it had become broken down and dilapidated, and suffered to remain in that condition for long intervals during that period. Very little evidence was introduced as to its stock-restraining sufficiency as originally constructed, but what little there was was in support of its effectiveness for that purpose, it being in evidence that it would turn a cow or horse unless "they would run into it in madness." There was no evidence on the part of the appellant that, as originally constructed, this fence was insufficient for that purpose; the evidence of his witnesses on that point was addressed to times when rails were temporarily off the fence, and not to its original construction.

It is claimed that in *Polack* v. *McGrath,* 32 Cal. 17, this court held that a fence similar to the one shown to have been erected by defendant's predecessor was not a substantial inclosure. But it appears that on the trial of that case in the lower court it was proved as a fact (which was not mentioned in that opinion) that the fence there referred to was not sufficient to turn cattle. (See *Polack* v. *McGrath,* 38 Cal. 668.)

As to the condition of the fence during these years in question. As we have said, the evidence in the case was mainly addressed to this point. It is quite conflicting, principally as to the extent to which the fence was out of repair, and as to the dates during which it was in such condition. In fact, as far as the evidence produced by appellant is concerned, it is very indefinite upon this latter point. It is conceded

in this case that when the small dwelling-house was being built, the fence was down to permit of hauling in lumber, and the evidence as to it being out of repair can as well be applied to that period as to any prior time.

There is, however, no doubt that at times during the years in question some of the rails were knocked off the fence, but the evidence satisfactorily shows that defendant and her predecessor were mindful at all times of keeping the fence in repair, and these breaches were repaired within a reasonable time after they occurred. It is true that while the rails were off, cattle could have entered the premises, but this fact of itself would not be sufficient to break the continuity of defendant's possession. Breaches in an inclosure do not destroy its continuity, unless they are permitted to remain for such a length of time as to show that the defendant did not intend to continue the exclusive appropriation of the premises which its original construction indicated.

We are of the opinion that the evidence justified the findings of the lower court which are attacked, and the judgment and order are therefore affirmed.

McFarland, J., and Henshaw, J., concurred.