[L. A. No. 2999.   Department One.—November 29, 1912.]

MONTGOMERY & MULLEN LUMBER COMPANY, (a Corporation), Respondent, v. ELLA E. QUIMBY, Appellant.

ADVERSE POSSESSION — COLOR OF TITLE — KNOWLEDGE OF DEFECT IN TITLE.—The fact that an adverse possessor of land believed that he owned the property and recognized no other title is sufficient to establish the good faith necessary to gain title where the adverse possession is under color of title.   The mere knowledge of a defect in the title is not sufficient to destroy the adverse character of the possession.

ID.—CONTINUITY OF ADVERSE POSSESSION—TOWN LOT—VACANCY DURING INTERVALS BETWEEN TENANCIES.—It is not essential, in every case, to the continuity of an adverse possession under color of title, that there shall be a continuous personal presence on the land by some person holding for the adverse claimant; and where the property adversely claimed is a town lot, on which buildings had been erected by the claimant, and which when its own use ceased, it let to tenants, the fact that the property remained vacant during intervals between tenancies, did not destroy the continuity of the adverse possession, in the absence of any intrusion thereon by other persons.

ID.—OFFER TO BUY OUTSTANDING TITLE AFTER TITLE HAD BEEN ACQUIRED BY ADVERSE POSSESSION.—The mere offer of the adverse claimant, after his adverse possession had continued for a sufficient length of time to give title, to buy in the claim of the holder of the record title in order to clear his own, was not such an acknowledgment of the outstanding title as operated to break the continuity of the adverse possession.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Charles Monroe, Judge.

The facts are stated in the opinion of the court.

Waldo M. York, and Denis Evarts Bowman, for Appellant.

Sheldon Borden, and George H. Moore, for Respondent.

SHAW, J.—The defendant appeals from the judgment and from an order denying a new trial.

This action was begun on June 12, 1906. The complaint states, in the usual form, a cause of action to quiet title to a town lot. The defendant answered on March 1, 1910. Thereupon leave was granted by the court to the plaintiff to file a supplemental complaint, and on March 11, 1910, such supplemental complaint was filed. It alleged that ever since the nineteenth day of November, 1903, it had been in the open, exclusive, and uninterrupted adverse possession of the lot, claiming title and right of possession against defendant and all others, and had paid all taxes assessed thereon, its claim being founded on a deed from C. R. Davis and wife executed on November 18, 1903, purporting to convey said lot to the plaintiff. Issue was joined on these allegations. The court found that the plaintiff was, and had been ever since November 20, 1908, which was five years after its alleged adverse possession began, the owner in fee of the lot, that defendant had no right or title thereto, and had had none since the last mentioned date, and that the facts alleged in the supplemental complaint were true.

The only point urged is that the finding that plaintiff had gained title by adverse possession is not sustained by sufficient evidence. The original claim of plaintiff that it was the owner of the lot on June 12, 1906, as alleged in its original complaint, appears to have been abandoned by it at the trial and it relied wholly on the title by adverse possession as alleged in the supplemental complaint. No objection appears to have been made to the filing of this supplemental complaint or to the presentation and determination of plaintiff's cause of action as therein stated. The appeal must therefore be consid-

ered as if the action had been begun on March 11, 1910. The supplemental complaint states the cause of action adjudicated.

It was admitted at the trial that the defendant, in 1888, owned the property subject to a mortgage, the amount of which is not shown, that said mortgage was afterwards foreclosed and the lot sold on foreclosure sale, that the defendant was not served with summons in said foreclosure suit and did not appear therein, that on November 18, 1903, Davis, the successor of the purchaser at the foreclosure sale, executed a grant deed to the plaintiff, purporting to convey to it the said lot, and that plaintiff immediately took possession thereof and has paid all taxes thereon regularly ever since.

Mullen, the vice-president of the plaintiff, appears to have had charge of the business on behalf of plaintiff. He testified that immediately after taking possession in 1903, plaintiff inclosed the lot with a fence and erected an office building and a small shed on it, and used the lot as a lumber yard for four years, that ever since 1903 it had held possession of the lot either by itself or its tenants, and that he always believed that plaintiff owned the lot and never recognized any other ownership in it. The defendant had not seen the property or paid any taxes thereon since about the year 1900. This evidence is sufficient to establish adverse possession for the period from November 19, 1903, until March 11, 1910, the date of the filing of the supplemental complaint. The plaintiff's title therefore became complete on November 19, 1908.

Mullen testified that at the time of the conveyance from Davis he knew there was a flaw in the title but did not know what it was. It appeared that in January, 1906, plaintiff was informed of the fact that the title of Davis, its grantor, was founded on a sheriff's deed on the foreclosure sale aforesaid, and that the judgment therein was rendered without service of summons on Mrs. Quimby, the original owner. It is claimed that knowledge of this defect in the title renders the adverse possession subordinate to the title of the real owner and ineffectual to gain title by prescription. The testimony of Mullen that he always believed that plaintiff owned the lot and recognized no other title is sufficient to establish the good faith necessary to gain title where the adverse possession is under color of title. The mere knowledge of a defect in the title is not sufficient to destroy the adverse character of the

possession. (*Wilson* v. *Atkinson,* 77 Cal. 492, [11 Am. St. Rep. 299, 20 Pac. 66] ; *Silvarer* v. *Hansen,* 77 Cal. 582, [20 Pac. 136] ; *Kockemann* v. *Bickel,* 92 Cal. 667, [28 Pac. 686] ; *Millett* v. *Lagomarsino,* 107 Cal. 106, [40 Pac. 25].)

Another objection is that the possession was not continuous. In December, 1907, more than four years after taking the possession, the plaintiff ceased to use the lot as a lumber yard and removed therefrom the fence and the lumber, but not the building and shed. Mullen testified ''I don't recall how long it remained vacant after that time until our tenant took possession. I don't know. Immediately afterward we rented it.'' He also said that it remained vacant ''quite a long time.'' During this time there was no intrusion by any other person, or any re-entry by Mrs. Quimby, or any disturbance whatever of the plaintiff's possession of the lot. There was no intention by plaintiff to abandon possession and claim of title, or to discontinue possession. These facts do not destroy the continuity of the possession. It is not essential to such continuity, in every case, that there shall be a continuous personal presence on the lot of some person holding for the adverse claimant. It is enough, under the code, that it is devoted to ''the ordinary use of the occupant,'' where the possession is under color of title as it is here. (Code Civ. Proc., sec. 323, subds. 3, 4.) ''A man does not discontinue his possession by locking his house in town or suspending his cultivation in the country, provided he do not suffer the building in the one case, or the fields in the other, to be thrown open; but he is bound to continue a positive appearance of ownership, by treating the property as his own, and holding it within his exclusive control.'' (*Stephens* v. *Leach,* 19 Pa. St. 265.) The ordinary use of a lot of this character with buildings which the plaintiff does not personally use, is to let it to others. The plaintiff had erected the buildings, and when its own use ceased it let the lot to a tenant who permitted it to remain unoccupied for some time. The buildings were there as a visible sign of its claim and evidence of its continued possession and there is no evidence that it was ever without the control of the plaintiff. Constant occupancy and use is not always required. It depends on the character of the property and the use to which it is adapted. One who owns a house for rental does not abandon or lose his possession

every time it remains vacant during intervals between tenancies. It has been held that one may be in adverse possession of lands suitable only for grazing, although his only occupancy is by pasturing the lands during the grazing season which included only a part of each year, the land being vacant for several months. (*Webber* v. *Clarke,* 74 Cal. 17, [15 Pac. 431]; see, also, *Marshall* v. *Beysser,* 75 Cal. 547, [17 Pac. 644]; *Hesperia etc. Co.* v. *Rogers,* 83 Cal. 11, [17 Am. St. Rep. 209, 23 Pac. 196]; *Jones* v. *Hodges,* 146 Cal. 164, [79 Pac. 869]; *Webb* v. *Richardson,* 42 Vt. 473; *Ewing* v. *Burnet,* 11 Pet. (36 U. S.) 53, [9 L. Ed. 624].) Under these decisions the continuity of the possession was sufficiently established.

Appellant also claims that the continuity was broken by an acknowledgment of her title. It is sufficient to say in answer to this contention that, viewing the evidence most favorably to the plaintiff as we must in support of the finding, the plaintiff merely offered to buy in the defendant's claim in order to clear its title and that this was after its possession had continued for more than five years. This does not bring the case within the rule invoked. (*Furlong* v. *Cooney,* 72 Cal. 328, [14 Pac. 12]; *Frick* v. *Sinon,* 75 Cal. 341, [7 Am. St. Rep. 177, 17 Pac. 439]; *Cannon* v. *Stockmon,* 36 Cal. 535, [95 Am. Dec. 205].)

These comprise the points urged by the appellants. None of them appear sufficient to justify a reversal of the judgment or order.

The judgment and order are affirmed.

Sloss, J., and Angellotti, J., concurred.